$^{\text{Aug. 10,}}_{1877.}$} THOMPSON *v.* SMITH, & CONCORD GRANITE CO., TR.

*Assignment of wages to be earned—Trustee process.*

A, being at work in the employment of B, desired to borrow money of C, and it was verbally agreed between the three that A should thereafter work for C (still in the employment and business of B as before), and B should pay over his wages to be earned to C. In an action by a creditor of A, wherein B was summoned as his trustee—*Held,* that the transaction must be regarded as an assignment by A to C of wages to be earned in the future, and so must be in writing, accepted by B, and filed with the town-clerk, according to Laws of 1873, ch. 9.

A coffin and grave-clothes, purchased by the defendant for his mother-in-law who died a member of his family, are necessaries so as to charge the trustee for the full amount in his hands.

FROM MERRIMACK CIRCUIT COURT.

FOREIGN ATTACHMENT, against the Concord Granite Company as trustee of Sylvanus Smith. The question is as to the liability of the trustee. It appeared that there was due from the trustee for the labor of the principal defendant, between April 1, 1875, and May 10, 1875, when service of the plaintiff's writ was made upon the trustee, the sum of $83.74, and that said sum is still in its hands, awaiting the decision of this case.

The plaintiff's action is brought to recover pay for a casket, grave-clothes, &c., furnished by the plaintiff at the request of the defendant for the defendant's mother-in-law, who at the time of her decease was a member of his family.

Mr. Sargent, the trustee's superintendent, testified that on or about the first day of April, 1875, Smith wanted some money; that he told him he could not let him have any unless he gave it to him; that Smith then brought Mr. Leavens to him, and made this arrangement: viz., that Leavens would let him have $50; that he would work for him until Leavens discharged him, or until he cancelled the debt, or paid him up. Smith was then in straitened circumstances; that Smith continued in the employ of said trustee after this arrangement, the same as he had been for a long time before, without any interruption or change in the manner of the employment; that he (Sargent) made a minute upon the book where he kept an account of Smith's labor, as follows: "April 1, 1875—pay A. Leavens all wages of S. Smith until discontinued by him from date;" that no order, assignment, or writing of any kind was given by said Smith to said Leavens at the time of this arrangement, or since, and the trustee has never accepted any such writing; that, as he understood it, the arrangement aforesaid was nothing more than an oral order by Smith to him, directing him to pay

the wages earned by Smith in the future, while in the employ of the trustee, to Leavens ; that he understood Leavens to say to Smith, in his presence, at the time of this agreement, that Smith was to work for Leavens and not for the company, and that his wages were to be paid to Leavens and not to Smith, and that he as superintendent assented to it, but that the trustee never employed Leavens to do any work for them. Leavens now claims the money in the trustee's hands.

Upon the foregoing facts the court find that the trustee is chargeable in this action for $83.74, less costs, to which the trustee excepts. Sargent's deposition may be referred to by either party, and makes a part of this case, but is not to be printed.

Ordered by STANLEY, J., C. C., that the questions of law arising on the foregoing case be transferred to the superior court.

*D. S. Corser*, for the trustee.

*Sargent & Chase*, for the plaintiff.

LADD, J. "No assignment of or order for wages to be earned in the future shall be valid against any creditor of the person making such assignment or order, until a copy of such order or assignment, duly accepted in writing on the back thereof, has been filed with the clerk of the town or city where the party making such order or assignment lives." Laws of 1873, ch. 9.

It seems to me very clear that the substance of the transaction between Smith, Leavens, and Sargent was a verbal assignment of his wages, to be earned in the future by Smith, to Leavens, and an acceptance of that verbal order by Sargent on behalf of the Granite Company. To give the arrangement then entered into the effect contended for on behalf of the trustee,—that is, of an employment of Smith by Leavens, and then a letting of him by Leavens to the company,—would be no less than putting form in the place of substance, and countenancing a clear evasion of the statute. I am of opinion that the trustee should be charged.

SMITH J. The question before the circuit court, it is expressly stated, was as to the liability of the trustee, and that, it appears, was one mainly of fact. No question of discretion was reserved, nor does it even appear that the judge who tried the cause was called upon to exercise any discretion. I do not understand that it is disputed, that, if the arrangement between Leavens, Smith, and Sargent was in effect merely a verbal order from Smith to pay his future wages to Leavens, the arrangement would be illegal, because in conflict with chapter 9 of the Laws of 1873.

The circuit court must have found, as matter of fact, that such was the effect of the arrangement entered into ; and unless the finding of that court was intended to be transferred, there does not seem to be any question before this court.

It would undoubtedly have been lawful for Sargent, as the agent of the Granite Company, to contract with Leavens to do the work which Smith was doing; and he might contract to do it personally, or procure it to be done, by Smith or any other third party. It is claimed here, on the part of Leavens, that it was agreed that Smith should work for Leavens, that Leavens should have credit with the company for his work, and that Sargent assented to this arrangement.

But I do not think the facts reported support this position. There is no satisfactory evidence that Leavens, in fact, entered into a contract to labor for the Granite Company, or to furnish the labor of Smith or any other person to the company. The terms of the arrangement are not what we should have expected, if the transaction had been what it is claimed it was. The substance of it seems to me very clearly to be merely a verbal assignment by Smith of wages to be earned, and as such was a clear evasion of the statute.

If the question whether the casket and grave-clothes were necessaries so as to charge the trustee for the full amount in his hands is before us, I am of opinion that they were—at least, to a reasonable amount.

CUSHING, C. J., concurred.

*Trustee charged.*